IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT BETHEL

JEREMIAH JAPHET,

           Plaintiff(s),

vs.

CITY OF BETHEL,

           Defendant(s).

vs.

YUKON-KUSKOKWIM HEALTH CORPORATION, and ERIC PETER, Third-Party Defendants

CASE NO. 4BE-11-213 CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Yukon-Kuskokwim Health Corporation

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): Box 130, Bethel, Alaska 99559-0130 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
    Plaintiff's attorney or plaintiff (if unrepresented): William H. Ingaldson, Esq.
    Address: Ingaldson, Maassen & Fitzgerald, 813 W. Third Ave
             Anchorage, Alaska 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _____.

(SEAL)

_____ Date

CLERK OF COURT

By: _____ Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JEREMIAH JAPHET,

    Plaintiff,

vs.

CITY OF BETHEL,

    Defendant.

vs.

YUKON-KUSKOKWIM
HEALTH CORPORATION, and
ERIC PETER

    Third Party Defendants

Case No. 4BE-11-213 CI

## DEFENDANT CITY OF BETHEL'S THIRD-PARTY COMPLAINT AGAINST YUKON-KUSKOKWIM HEALTH CORPORATION AND ERIC PETER

Defendant, the City of Bethel, by and through their counsel of record, Ingaldson, Maassen & Fitzgerald, P.C., and hereby assert the following third-party complaint against Yukon-Kuskokwim Health Corporation ("YKHC") and Eric Peter.

1. The City of Bethel has been sued in the above captioned lawsuit by Jeremiah Japhet.

2. Plaintiff alleges that the City of Bethel was negligent in transporting plaintiff to the YKHC hospital.

3. Plaintiff alleges that such negligence caused plaintiff personal injury and damages.

4. Defendant denies the allegations in plaintiff's complaint as set forth in defendant's answer.

5. On information and belief, Eric Peter, is a resident of the State of Alaska.

6. On information and belief, YKHC is incorporated in the State of Alaska and its principal place of business is in Bethel, Alaska.

7. On or about the late evening of September 10, 2010 or the early morning of September 11, 2010, before the Bethel Police Department were called, plaintiff was involved in an altercation with Eric Peter.

8. That altercation was observed by plaintiff's then girlfriend, Jessica Gunlick.

9. Ms. Gunlick observed the plaintiff run head first into Mr. Peter, and then fall to the ground. She further observed Mr. Peter kicking plaintiff while plaintiff was on the ground, after the head butt.

10. After the altercation, plaintiff told Ms. Gunlick that he could not move. Ms. Gunlick then left plaintiff lying on the ground.

11. When Bethel Police Officer Matthew Fralick arrived at the scene, plaintiff was highly intoxicated. Plaintiff denied that he was injured and, with the exception of a small area of dried blood around plaintiff's nose, Officer Fralick did not observe any injuries.

12. Community Service patrol officers were called and they transported plaintiff to YKHC so that plaintiff could be examined to determine whether it would be appropriate to take him to a sleep-off center.

13. While at the hospital, plaintiff was observed to be moving his wheelchair with his legs.

14. For the first time plaintiff complained that his neck hurt. He was given a cervical collar, which he kept trying to remove.

15. Plaintiff was also observed by hospital staff to be kicking a blanket, later that morning.

16. To the extent plaintiff is alleging that his spinal cord injuries were caused by or exacerbated after his altercation with Mr. Peter, it is more likely than not that such injury or exacerbation of injury occurred as a result of YKHC's negligent care and treatment of plaintiff.

## APPORTIONMENT OF FAULT

17. Paragraphs 1-16 of the City of Bethel's Third Party Complaint are incorporated by reference as if fully set forth herein.

18. Third Party defendant Eric Peter negligently, recklessly/or intentionally caused injury to the plaintiff during his altercation with the plaintiff on or about the evening of September 10, 2010 or the early morning of September 11, 2010.

19. To the extent plaintiff's injuries were caused or exacerbated after his altercation with Eric Peter, it is likely that such injury or exacerbation of injury was caused by YKHC's negligent care and treatment of plaintiff.

20. Pursuant to AS 09.17.080, third party defendants YKHC and Eric Peter should have fault apportioned to them for their share of any fault for plaintiff's damages.

WHEREFORE, answering defendant prays as follows:

1. That plaintiff's claims against defendant City of Bethel be dismissed with prejudice;

2. That fault attributable to YKHC and/or Eric Peter be apportioned to them based on AS 09.17.080, and that the City of Bethel not bear financial responsibility for the fault of third party defendants.

3. That the City of Bethel be awarded its costs and attorneys' fees incurred in defending this action; and

4. For such other and further relief that the court deems just and equitable.

DATE: 7/2/12

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Attorneys for Defendant, City of Bethel

By: [signature]
William H. Ingaldson
ABA No. 8406030

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 2nd day of July, 2012, a copy of
the foregoing was sent to the following via:

☒ U.S. mail
☐ Hand-delivery
☐ Fax
☐ Federal Express

David Henderson
Law Offices of David Henderson
PO Box 2441
Bethel, AK 99559

Jim J. Valcarce
Valcarce Law Office, LLC
P.O. Box 409
Bethel, AK 99559

*Colleen Guffey*

Japhet v. Cit of Bethel, Case No. 4BE-11-213 CI
Third-Party Complaint

Page 5 of 5