IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JEREMIAH JAPHET,           )
                           )
        Plaintiff,         )
                           )
vs.                        )   Case no. 4BE-11-213 CI
                           )
CITY OF BETHEL,            )
                           )
        Defendant.         )

## Complaint

COMES NOW, plaintiff Jeremiah Japhet and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Japhet is, or at all times pertinent was, a resident of the Fourth Judicial District.

2. Defendant City of Bethel, is a municipal governing body whose authority is coextensive with the territorial bounds of the City of Bethel.

3. Defendant City of Bethel owns, operates, and controls the Bethel Police Department.

4. The events alleged herein, and giving rise to this action, occurred within or near the City of Bethel in the Fourth Judicial District.

LAW OFFICES OF DAVID HENDERSON
P.O. Box 2441
Bethel, Alaska 99559
Phone: (907) 543-7891
Fax: (907) 543-1924

## Facts Giving Rise to Claims

5. On or about September 11, 2010, plaintiff Japhet was injured, bleeding and complaining of pain, as he laid on the ground near Owl Park and AVCP-RHA low-income apartment complex in Bethel, Alaska.

6. Plaintiff Japhet was crying, saying he needed help was sprawled out on the ground, unable to speak coherently, and unable to get up off the ground.

7. Three young persons happened upon plaintiff and witnessed his condition.

8. One such witness reported plaintiff's condition and location to a 9-1-1 responder at the City of Bethel's Dispatch. During the call, the dispatch worker could hear Plaintiff Japhet in distress crying in the background, and it was apparent he needed help. The minor responder also asked for help for the plaintiff. During the who in turn dispatched Matthew Fralick -- a police officer employed by defendant City of Bethel -- to plaintiff's location at the parking lot.

9. The dispatcher, in turn, dispatched a police officer, Matthew Fralick, to Plaintiff Japhet's location.

10. Upon his arrival at the scene, Fralick made contact with the three above-referenced witnesses who were standing around plaintiff as he remained sprawled out on the ground.

Complaint
Japhet vs. City of Bethel

2

11. One or more of the witnesses informed Officer Fralick that Plaintiff Japhet needed help.

12. Despite the fact that plaintiff had been obviously assaulted, traumatized, and unable to get up, Fralick did not question the witnesses to any appreciable extent about what they knew about plaintiff's plight, or the extent of his injuries.

13. Fralick radioed in a request for assistance from the Community Service Patrol ["CSP"], a municipally operated organization whose mission is to transport chronically inebriated persons to sites where they can receive screening and a safe place to "sleep off" of their intoxication.

14. At all times relevant to this complaint, the City of Bethel employs and had readily available emergency medical technicians (EMTs) and other employees and agents who can provide emergency medical transportation and care; and the City also had in its possession backboards and safety equipment to provide emergency and safe transportation. Despite knowing that such emergency workers were available, the officer, dispatcher and others did not call for assistance from emergency medical responders or anyone else possessing the skill necessary to properly assess and evaluate plaintiff's condition and act with due care in moving him.

Complaint
Japhet vs. City of Bethel

3

15. In response to Fralick's call for assistance, Community Service Patrol agents -- Alex Botamenenko and John Atwell -- arrived on the scene.

16. Agents and employees of the City of Bethel, including Fralick, Botamenenko, and Atwellset, made the assumption that plaintiff Japhet was an uninjured inebriate; they failed to gather information from the responders as to his physical condition; and they classified and treated him as another Bethel drunk who needed to sleep it off.

17. Agents and employees of the City of Bethel thereafter failed to use a backboard; failed to stabilize plaintiff Japhet's spine; failed to provide due care in moving him, but instead grabbed the plaintiff Japhet by his arms and legs, jerked his body and spine and placed him into the back of a patrol van for transport to a sleep-off center.

18. Agents and employees of the City of Bethel failed to properly assess the situation, give any thought to, or even consider, that the plaintiff Japhet was suffering from a back injury, and consider that their acts and omissions in failing to act with due care and caution in his transport would result in irreparable spinal injury.

19. Agents and employees of the City of Bethel, including Fralick, Botamenenko, and Atwell, failed to act with

Complaint
Japhet vs. City of Bethel

LAW OFFICES OF DAVID HENDERSON
P.O. Box 2441
Bethel, Alaska 99559
Phone: (907) 543-7891
Fax: (907) 543-1924

due care and caution, including but not limited to: 1) failing to assess plaintiff's injuries; 2) failing to inquire and ask responders as to what they knew about the injuries; 3) directing responders to leave the scene without obtaining full and complete information prior to touching the plaintiff; 4) failing to call and obtain assistance from known emergency medical providers and technicians, who were readily available and employed by the City; 5) failing to use safety and transport equipment that was also in the possession of the City, and readily available to the City's agents; 6) lifting plaintiff by pulling on his arms; 7) lifting plaintiff by moving his legs; 8) lifting plaintiff by stretching and moving his spine and neck; 9) placing plaintiff into the back of a van, allowing his spine and neck to bounce and move while the agents drove; 10) lifting plaintiff out of the van by pulling his arms; 11) lifting plaintiff out of the van by pulling his feet; 12) lifting the plaintiff out of the van by stretching and moving his spine and neck. Defendant's acts and omissions, through its agents and employees, directly and proximately caused injury to plaintiff's spine rendering him a permanent paraplegic.

20. At all times relevant to this complaint, Fralick, Botamenenko, Atwell and others, were acting within the course and scope of their employment with defendant City of Bethel.

21. As a direct and proximate result of the failure to act with due care and caution; due to the negligence of defendant, through its agents, servants and employees, including but not limited to the acts and omissions set forth above, plaintiff was injured, including but not limited to:

    A. Permanent paralysis in his lower extremities [paraplegia];

    B. Physical pain and suffering;

    C. Severe emotional distress and psychological injury;

    D. Surgeries, hospitalizations, physical and psychological therapy and rehabilitation, assisted living, and palliative care;

    E. Medical expenses;

    F. Loss of enjoyment of life and loss of sexual faculties;

    G. Pecuniary losses including but not limited to, lost wages and earnings, lost earning capacity, and loss of subsistence;

LAW OFFICES OF DAVID HENDERSON
P.O. Box 2441
Bethel, Alaska 99559
Phone: (907) 543-7891
Fax: (907) 543-1924

22. Plaintiff's injury makes him more prone to infections, complications, and further hospitalizations. He will need care, assistance, and professional help for the rest of his life.

### First Cause of Action
### [Defendant City of Bethel's Vicarious Liability for Negligence of Its Agents and Employees]

23. Plaintiff realleges Paragraphs 1 through 21 as though fully set forth.

24. At all times pertinent, Fralick, Botamenenko, the dispatcher who has yet to be identified, and Atwell were acting in the course and scope of their employment with their respective above-identified employers, and are agents, servants and employees for the City of Bethel.

25. At all times pertinent, Fralick, Botamenenko, the dispatcher, and Atwell were acting in pursuit of a common undertaking, goal, or plan, as co-participants, and as agents for each other.

26. Upon information and belief, defendant City of Bethel had adopted -- either expressly or informally -- standard operation procedures, customary operating procedures, safety procedures, and/or guidelines prescribing the appropriate course of action that officers, agents and/or

emergency responders should take when presented with the possibility of a paralyzing spinal injury of the sort presented by the above-alleged circumstances.

27. Said procedures, standards, and/or guidelines gave rise to a duty of care to immobilize and/or stabilize plaintiff's cervical spine so as to reduce or eliminate the foreseeable risk of dislocations or subluxations of the vertebrae that might sever, or impinge upon, vital nerves in his cervical spine.

28. Said duties of care are understood by, and basic to, the public safety professions, including the policing profession -- as well as reasonably aware and educated lay persons.

29. Apart from said procedures, standards, and/or guidelines, Fralick, Botamenenko, and Atwell owed plaintiff a general duty of care including, but not limited to, the duty to handle plaintiff with care while he was in such a vulnerable state, and to immobilize and/or stabilize his cervical spine so as to reduce or eliminate the foreseeable risk of a spinal cord injury.

30. Fralick, Botamenenko, and Atwell and others breached said duties of care, proximately and foreseeably causing the injuries and damages heretofore pled.

Complaint
Japhet vs. City of Bethel

31. Under the doctrine of respondeat superior, defendant City of Bethel is vicariously liable to plaintiff for negligence.

### Second Cause of Action
### [Defendant City of Bethel's
### Liability for Its Own Negligence]

32. Plaintiff realleges Paragraphs 1 through 21, and 25 through 28 as though fully set forth.

33. Defendant City of Bethel undertook to adequately and properly train and supervise its law-enforcement and CSP officers.

34. Defendant City of Bethel owed plaintiff duties of care in seeing to it that Fralick, Botamenenko, and Atwell were adequately trained and supervised in the proper method of evaluating and handling obviously traumatized victims in plaintiff Japhet's condition.

35. Acting through its agents, employees, and/or contractors over whom it possessed control, Defendant City of Bethel breached said duties of care.

36. Defendant City of Bethel's failure to adequately train and supervise Fralick, Botamenenko, and Atwell and others proximately and foreseeably caused the injuries and damages heretofore pled.

37. Defendant City of Bethel is directly liable to plaintiff for its own negligence in the minimum sum of $100,000 the exact amount to be proved at trial.

**WHEREFORE**, plaintiff Japhet prays for judgment as follows:

1) As to the First and Second Causes of Action, for a judgment in favor of plaintiff Japhet and against defendant City of Bethel, in the minimum sum of the $100,000, the exact amount to be proved at trial;

2) For costs, interest, and attorney's fees;

3) For such other relief the court deems just and reasonable.

DATED this 23rd day of May, 2011, at Bethel, Alaska.

LAW OFFICES OF DAVID HENDERSON

By: _____
David Henderson #9806014

Complaint
Japhet vs. City of Bethel